1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERMAINE DOUGLAS O'NEIL, JR.,              No.  2:21-cv-1924 CKD P

12                    Petitioner,

13        v.                                    ORDER AND

14   WARDEN, CALIPATRIA STATE                   FINDINGS AND RECOMMENDATIONS
     PRISON,
15
                     Respondent.
16

17          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  Examination of the request to proceed in forma pauperis reveals

20   that petitioner is unable to afford the costs of suit.  Accordingly, the request for leave to proceed

21   in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

22          Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all

23   petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the

24   petitioner is not entitled to relief.  The court has conducted that review.

25          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

26   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement

27   by providing the highest state court with a full and fair opportunity to consider all claims before

28   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

                                               1

After reviewing the petition for writ of habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[1]

For these reasons, the court will recommend that petitioner's petition for writ of habeas corpus be dismissed for failure to exhaust state court remedies.

Accordingly, IT IS HERBY ORDERED that:

1. The Clerk of the Court assign a district court judge to this case;

2. Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be dismissed for failure to exhaust state court remedies; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris

2  v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484

3  (2000)).   Petitioner is advised that failure to file objections within the specified time may waive

4  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  Dated:  October 21, 2021

6  _____
   CAROLYN K. DELANEY

7  UNITED STATES MAGISTRATE JUDGE

8

9

10  1
    onei1924.fteh

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28